**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:  **11-04495-dd**

# ORDER ON MOTION TO ALLOW LATE FILED CLAIM

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/27/2012**



/s/ David R. Duncan
David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 08/28/2012

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 11-04495-DD |
| Tommy Ray Hawkins, | Chapter 11 |
| Debtor. | **ORDER ON MOTION TO ALLOW LATE FILED CLAIM** |

This matter is before the Court on a Motion to Allow Late Filed Claim and to Allow Claim for Voting Purposes ("Motion") filed by NewDominion Bank ("Bank") on June 20, 2012. An Objection to Bank's Motion was filed by Tommy Ray Hawkins ("Debtor") on July 16, 2012. A hearing was held on August 13, 2012. At the conclusion of the hearing, the Court took the matter under advisement. The Court now issues the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

Debtor filed his chapter 11 voluntary petition on July 18, 2011. The deadline for filing proofs of claim was set as November 21, 2011. On December 13, 2011, Bank filed a secured proof of claim in the amount of $517,703.50. The basis of the claim is a deficiency judgment resulting from Debtor's guaranty of a loan from Bank to Carolina Development Resources, LLC. Bank filed its Motion on June 20, 2012.

Debtor filed his original lists, schedules, and statements on July 18, 2011. Debtor listed Bank as an unsecured creditor on Schedule F, and listed its claim as $500,000. Debtor checked the box indicating that Bank's claim is disputed. On September 2, 2011, Debtor amended his Schedule F. The amended Schedule F shows Bank's debt in the same amount, but the box for designating claims as disputed is not checked. Debtor has filed four chapter 11 plans in this case. The most recent plan, filed June 8, 2012, provides, "The Debtor currently anticipates

objecting to the claims of . . . New Dominion Bank." Bank is not otherwise mentioned in the plan.

Bank argues that when Debtor's Schedule F was amended, its proof of claim was deemed filed pursuant to 11 U.S.C. § 1111(a). Bank argues that when it filed its proof of claim on December 13, 2011, the filing had the effect of amending the claim set forth in the amended Schedule F. Finally, Bank argues that even if the Court finds the proof of claim to be untimely, the Court should extend the time for filing because the failure to timely file the proof of claim was the result of excusable neglect.[1]

Debtor responds that his Statement of Change pursuant to SC LBR 1009-1, which accompanied the amended schedules filed September 2, 2011, did not reference any change in Bank's status and therefore Bank's status remained disputed even though the box indicating a dispute was not checked on the amended Schedule F. Therefore, Debtor argues, under Fed. R. Bankr. P. 3003(c)(2), Bank was required to file a timely proof of claim, and its failure to do so prevents its claim from being considered for voting and distribution.

## **CONCLUSIONS OF LAW**

11 U.S.C. § 1111(a) provides, "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated." Fed. R. Bankr. P. 3003(b) provides:

> The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c)(2) of this rule.

---

[1] Bank's proof of claim was prepared in October 2011, but through an apparent oversight by Bank's former counsel, was not filed prior to the deadline, despite Bank's representative giving final approval for the proof of claim and requesting that it be filed.

Thus, in a chapter 11 case, if a creditor's claim is reported on the debtor's schedules and is not listed as disputed, contingent, or unliquidated, a proof of the creditor's claim is deemed filed regardless of whether the creditor actually files a proof of claim. If the creditor's claim is listed as disputed, contingent, or unliquidated, however, Fed. R. Bankr. P. 3003(c)(2) provides:

> Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

When Debtor initially filed his schedules on July 18, 2011, he listed Bank's claim as disputed. As a result, if those schedules had remained in effect, Bank would have been required to file a proof of claim. However, Debtor amended his schedules on September 2, 2011, and no longer listed Bank's claim as disputed. The amendment was made more than two and a half months before the proof of claim deadline. The effect of that amendment is to provide Bank with an allowed unsecured claim in the amount of $500,000.

Debtor argues that because no reference was made to Bank's claim on his Statement of Change, filed contemporaneously with the amended schedules, the schedules did not change Bank's treatment, despite the fact that the amended schedules no longer showed Bank's claim as disputed. SC LBR 1009-1 requires a debtor to file and serve a statement of change along with any amendment to his petition, lists, schedules or statements. However, the statement of change is simply meant to highlight changes so that the Court and parties in interest do not have to comb through often lengthy documents to ferret out each and every change. The statement of change should detail each change, but is not a substitute for the amended schedules, which speak for themselves. The schedules determine the treatment of creditors' claims in chapter 11 cases unless and until a proof of claim is filed and mark a bright line, allowing undisputed claims regardless

of the intention of a debtor or the reliance of a creditor. In the event of a conflict between the statement of change and the schedules, the schedules prevail.[2]

In this case, then, when the schedules were amended and no longer reflected Bank's claim as disputed, contingent, or unliquidated, Bank's claim was deemed allowed, and it was not necessary for Bank to file a proof of claim unless it disagreed with the amount of its claim listed on Debtor's schedules. Bank argues that the proof of claim it filed on December 13, 2011 was an amendment to the proof of claim that was deemed filed, and that amendment relates back to the time of the deemed filing date of the original proof of claim. The Court agrees.

The Court has discretion whether to allow an amendment to a proof of claim. *In re Workman*, 373 B.R. 460, 464 (Bankr. D.S.C. 2007); *In re Andover Togs, Inc.*, 231 B.R. 521, 549 (Bankr. S.D.N.Y. 1999) (quoting *Integrated Res., Inc. v. Ameritrust Co. Nat'l Assoc. (In re Integrated Res., Inc.)*, 157 B.R. 66, 69 (S.D.N.Y. 1993)). Amendments to timely proofs of claim are generally freely granted if the purpose of the amendment is to cure a defect in the original claim or to provide additional information regarding the claim. *Workman,* 373 B.R. at 464 (quoting *In re Mitchum*, No. 02-07573-W, slip op., at 4 (Bankr. D.S.C. Aug. 25, 2004)). However, courts will not allow an amendment if the creditor is attempting to file a new claim "under the guise of an amendment." *Workman*, 373 B.R. at 464. *See also In re Mitchell*, 116 B.R. 63, 64 (Bankr. W.D. Va. 1990) (citing *In re Newcomb*, 60 B.R. 520, 522 (Bankr. W.D. Va. 1986)) (discussing post bar date amendments). Further, an amendment will not be allowed if the amendment will cause undue prejudice to the debtor or the estate. *Workman*, 373 B.R. at 464. "Undue prejudice requires something more than requiring a debtor to pay a claim but may be

---

[2] There is no suggestion of gamesmanship in the timing of the filing of amended schedules vis-à-vis the claims deadline. Were the contrary true, intention and reliance might be relevant.

demonstrated through evidence that allowance of the amended claim would interfere with the orderly distribution to other creditors." *Id.* at 467.

The filing of Bank's proof of claim on December 13, 2011 constitutes an amendment to the claim which was deemed allowed on September 2, 2011, when Debtor amended his schedules and failed to designate Bank's claim as disputed. Bank's proof of claim does not attempt to establish a new claim but merely provides the precise amount of the claim. The December 13, 2011 proof of claim is based on the same debt that Debtor scheduled, and the amount set forth in the proof of claim is substantially similar to the amount scheduled.[3] Although Bank's amendment occurred almost a month after the deadline for filing proofs of claim, no undue prejudice to Debtor or the estate will occur by allowing the amendment. Debtor still has the right to object to Bank's claim, as he indicated in his chapter 11 plan he intended to do. Debtor's amended disclosure statement and plan have not yet been approved; as a result, no delay or interference with distribution to other creditors will occur. Bank's claim filed December 13, 2011 in the amount of $517,703.50 is allowed for purposes of voting and distribution. The proof of claim is prima facie evidence of the validity and amount of Bank's claim, subject to Debtor's ability to object to Bank's claim. *See Workman*, 373 B.R. at 464.

## CONCLUSION

For the reasons set forth above, Bank's Motion is granted. Bank's claim filed December 13, 2011 is allowed in the amount of $517,703.50 for purposes of voting and distribution. The Court need not reach Bank's excusable neglect argument given this ruling.

AND IT IS SO ORDERED.

---

[3] The Court observes that Bank's proof of claim was filed as secured and lists a security interest in collateral other than real estate or a motor vehicle. However, the proof of claim identifies the collateral by an address. This is confusing, and the Court makes no final determination as to the nature of Bank's claim or its collateral.